# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| MOHAMMED MEJBELU, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CASE NO. 1:25-cv-000167-RP |
| | § | |
| COLUMBIA DEBT RECOVERY | § | |
| LLC DBA GENESIS CREDIT | § | |
| MANAGEMENT LLC | § | |
|     Defendant. | | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Columbia Debt Recovery dba Genesis Credit Management (Genesis) answers Plaintiff's Complaint as follows:

## PRELIMINARY STATEMENT

The allegations of this paragraph contain a legal conclusion to which no response is required. However, to the extent a response may be required, Defendant denies the allegations to the extent they are inconsistent with existing law.

## I. INTRODUCTION

1. **Answer:** Defendant admits that Plaintiff makes such claims. It denies that it violated such statutes and further denies that it has any liability to Plaintiff.

2. **Answer:** The allegations of this paragraph contain a legal conclusion to which no response is required. However, to the extent a response may be required, Defendant denies the allegations to the extent they are inconsistent with existing law.

3. Answer: The allegations of this paragraph contain a legal conclusion to which no response is required. However, to the extent a response may be required, Defendant denies the allegations to the extent they are inconsistent with existing law.

4. Answer: The allegations of this paragraph contain a legal conclusion to which no response is required. However, to the extent a response may be required, Defendant denies the allegations to the extent they are inconsistent with existing law.

5. Answer: The allegations of this paragraph contain a legal conclusion to which no response is required. However, to the extent a response may be required, Defendant denies the allegations to the extent they are inconsistent with existing law.

6. Answer: The allegations of this paragraph contain a legal conclusion to which no response is required. However, to the extent a response may be required, Defendant denies the allegations to the extent they are inconsistent with existing law.

## II. JURISDICTION AND VENUE

7. Answer: At this time, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

8. Answer: At this time, Defendant lacks sufficient knowledge or information sufficient to form a belief as to allegations in this paragraph; therefore, the allegations are denied. However, venue is not contested.

## III. PARTIES

9. **Answer:** Defendant lacks knowledge or information sufficient to form a belief as to allegations in this paragraph; therefore, that allegation is denied.

10. **Answer:** Defendant lacks knowledge or information sufficient to form a belief as to allegations in this paragraph; therefore, that allegation is denied.

11. **Answer:** Defendant lacks knowledge or information sufficient to form a belief as to allegations in this paragraph; therefore, that allegation is denied.

12. **Answer: Admit.**

13. **Answer:** Defendant lacks knowledge or information sufficient to form a belief as to allegations in this paragraph; therefore, that allegation is denied.

## IV.     FACTS OF THE COMPLAINT

14. **Answer:** Defendant lacks knowledge or information sufficient to form a belief as to allegations in this paragraph; therefore, that allegation is denied.

15. **Answer:** Defendant lacks knowledge or information sufficient to form a belief as to allegations in this paragraph; therefore, that allegation is denied.

16. **Answer:** Defendant lacks knowledge or information sufficient to form a belief as to allegations in this paragraph; therefore, that allegation is denied.

17. **Answer:** Defendant lacks knowledge or information sufficient to form a belief as to allegations in this paragraph; therefore, that allegation is denied.

18. **Answer:** Defendant lacks knowledge or information sufficient to form a belief as to allegations in this paragraph; therefore, that allegation is denied.

19. Answer: Defendant lacks knowledge or information sufficient to form a belief as to allegations in this paragraph; therefore, that allegation is denied.

20. Answer: Defendant lacks knowledge or information sufficient to form a belief as to allegations in this paragraph; therefore, that allegation is denied.

21. Answer: Denied.

22. Answer: Defendant denies it violated the FDCPA. The remaining allegations of this paragraph contain a legal conclusion to which no response is required. However, to the extent a response may be required, Defendant denies the allegations to the extent they are inconsistent with existing law.

23. Answer: Denied.

## V. FIRST CLAIM FOR RELIEF
15 U.S.C § 1692c(c)
Defendant: COLUMBIA DEBT RECOVERY LLC DBA GENESIS CREDIT MANAGEMENT LLC

24. Answer: Defendant repeats and realleges the foregoing paragraphs as if fully restated herein.

25. Answer: Denied.

26. Answer: Denied.

27. Answer: Denied.

28. Answer: Denied.

29. Answer: Denied.

30. Answer: Denied.

## VI. JURY DEMAND PRAYER FOR RELIEF

Answer: Plaintiff's jury demand requires no Answer. Defendant denies that Plaintiff is entitled to any relief requested.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Defendant alleges the following additional and affirmative defenses:

1. Defendant asserts the defense of setoff. Plaintiff is indebted to it on the account referenced in his complaint. That account balance, and any associated interest, fees or costs—whether originally sought to be collected or not—should be set off against any recovery that Plaintiff might obtain in this action. Where two opposing claims arise out of separate transactions between the same parties, "setoff" is the equitable right of one party to offset his debt by the amount of its claim against the other party. "The right of setoff (also called offset) allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995), *quoting Studley v. Boylston Nat'l Bank*, 229 U.S. 523, 528 (1913).

2. Defendant denies that Plaintiff is entitled to or should recover statutory damages in any amount. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010).

3. Defendant pleads that if Plaintiff does have any actual damages, such damagers are subject to the defense of failure to mitigate.

4. Defendant denies the Plaintiff has suffered any damages as a result of any act, error, or omission of this Defendant.

5. Defendant asserts that an award of statutory damages in the absence of actual damages would exceed the limits of Constitutional due process. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996).

6. Since Plaintiff has not suffered any actual damages, his individual recovery (to the extent he is entitled to such recovery, which Defendant denies) is limited to statutory damages only and is capped at $1,000.00 per action under the FDCPA.

*[remainder of page intentionally left blank]*

WHEREFORE, PREMISES CONSIDERED, Defendant requests that Plaintiff take nothing in this action. Defendant further requests such other and further relief, at law or in equity, as to which it may be justly entitled.

Respectfully submitted,

**BARRON & NEWBURGER, P.C.**
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
Tel: (512) 476-9103
Fax: (512) 576-9253


 /s/Francesca A. Di Troia
Francesca A. Di Troia (attorney-in-charge)
State Bar No. 24097596
fditroia@bn-lawyers.com
**BARRON & NEWBURGER, P.C.**
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
Tel: (512) 476-9103
Fax: (512) 576-9253
ATTORNEY FOR DEFENDANT

# CERTIFICATE OF SERVICE

The undersigned certifies that on March 13, 2025, the foregoing was served via the Court's electronic notification system and by email transmission to Plaintiff.

    Mohammed Mejbel, Plaintiff pro se
    726 Liard River Rd
    Hutto, Texas  78634
    Momejbel97@yahoo.com

                                      /s/ Francesca A. Di Troia