UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

FILED
2025 MAR 26 PM 4:51
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ CL
DEPUTY

MOHAMMED MEJBEL )
    Plaintiff, )
)
v. ) CASE NO. 1:25-cv-000167-RP
)
COLUMBIA DEBT RECOVERY )
LLC DBA GENESIS CREDIT )
MANAGEMENT LLC )
    Defendant. )
)

## MOTION TO STRIKE AND DENY DEFENDANT'S AFFIRMATIVE DEFENSES

### I. INTRODUCTION

Plaintiff, MOHAMMED MEJBEL, respectfully submits this Motion to Strike and deny Columbia Debt Recovery dba Genesis Credit Management (Genesis) for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. On March 13, 2025 Defendant filed an Answer that denied many of Plaintiff's allegations and asserted nine affirmative defenses.

### II. Legal Standard

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court's role is to eliminate improper defenses that serve only to delay justice. Moreover, affirmative defenses must meet the same standard of pleading as complaints—requiring factual allegations

1

that support a plausible defense, not just empty assertions.

### III. ISSUE

Plaintiff moves to strike the six affirmative defenses raised in Defendant's Answer on grounds of legal insufficiency. These affirmative defenses are fundamentally flawed, as they consist merely of conclusory statements lacking any factual basis or supporting details. Rather than presenting substantive legal arguments, Defendant has offered only vague, frivolous claims that fail to meet basic pleading requirements. Such deficient pleadings substantially prejudice Plaintiff by failing to provide fair notice of the defense claims, thereby hindering Plaintiff's ability to conduct targeted discovery and effectively prepare for trial. The vague nature of these defenses will unnecessarily consume judicial resources and impede efficient litigation of this matter. Therefore, Plaintiff respectfully requests that this Court either strike all six of Defendant's affirmative defenses or, in the alternative, order Defendant to amend its affirmative defenses to meet proper pleading standards and provide sufficient factual support for each defense asserted.

### IV. ANALYSIS OF DEFENDANT'S AFFIRMATIVE DEFENSES

**1. First Affirmative Defense: Defendant asserts the defense of setoff**

Defendant's setoff defense is legally insufficient and should be stricken for the following reasons:

a. Failure to State with Particularity: Defendant has failed to plead its setoff defense with sufficient particularity. The defense merely alleges the existence of an account without specifying the nature, amount, or basis of the alleged debt, rendering it impossible for Plaintiff to properly respond.

b. Lack of Mutuality: A valid setoff requires mutuality of obligations between the same

parties acting in the same capacity. Defendant has failed to establish that any alleged debt satisfies this fundamental requirement.

c. Improper Procedural Vehicle: Under applicable law, a claim for setoff based on a separate transaction must be properly asserted as a counterclaim, not merely as an affirmative defense. Defendant has failed to comply with the procedural requirements for asserting such a claim.

d. Unliquidated Claim: Setoff is only available for liquidated claims with a fixed, certain amount. Defendant's vague reference to an unspecified account balance fails to establish a liquidated claim suitable for setoff.

e. Insufficient Legal and Factual Basis: Defendant has failed to provide any factual allegations that would establish a legally cognizable right to setoff, making the defense legally insufficient on its face. Allowing this legally insufficient defense to remain would prejudice Plaintiff by requiring unnecessary litigation of a defective claim and potentially confusing the issues properly before the Court.

## 2. Second Affirmative Defense: Lack of statutory damages

Defendant's affirmative defense regarding statutory damages should be stricken for the following reasons:

a. Not a Proper Affirmative Defense: This statement is not a proper affirmative defense but rather a denial of Plaintiff's claims or a legal conclusion. An affirmative defense assumes the allegations in the complaint are true, but provides a separate reason why the defendant should not be liable. Defendant's challenge to statutory damages is merely a denial of an element of

Plaintiff's claim.

      b. Misapplication of Cited Case Law: Defendant's reliance on *Jerman v. Carlisle* is misplaced and does not support a wholesale denial of statutory damages. The Jerman case specifically addressed the "bona fide error" defense under the Fair Debt Collection Practices Act for mistakes of law, and did not eliminate statutory damages as a remedy. The citation is used improperly and renders the defense legally insufficient.

      c. Insufficient Factual Support: Defendant has failed to plead any factual basis for this defense, offering only a conclusory statement and an inapposite legal citation. This fails to meet the pleading standards required under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

      d. Prejudicial to Plaintiff: Allowing this legally insufficient defense to remain would prejudice Plaintiff by requiring unnecessary litigation of a defective claim and potentially confusing the issues properly before the Court.

The defense is redundant, immaterial, and impertinent within the meaning of Rule 12(f) because it merely restates Defendant's denial of liability without adding any affirmative matter.

**3.    Third Affirmative Defense: Failure to mitigate damages**

      Defendant's affirmative defense of failure to mitigate should be stricken for the following reasons:

      a. Legally Insufficient in FDCPA Context: The FDCPA is a strict liability statute. Once Plaintiff exercised their statutory right under § 1692c(c) by sending a written refusal to pay, Defendant was obligated to cease communication. The statute places the burden entirely on the

debt collector to comply, not on the consumer to take additional steps to mitigate damages caused by the collector's statutory violation.

b. Inapplicable to Privacy Violations: Plaintiff's damages arise from intrusions on their right to privacy and right to be left alone—statutory rights specifically protected by § 1692c(c). Privacy violations are not subject to traditional mitigation requirements, as one cannot "mitigate" an invasion of privacy after it has occurred.

c. Impermissibly Shifts Statutory Burden: Accepting this defense would impermissibly shift the burden of compliance from the debt collector to the consumer, contrary to the express purpose and structure of the FDCPA, which was designed to protect consumers from abusive collection practices.

The defense is redundant, immaterial, and impertinent within the meaning of Rule 12(f) because it attempts to impose a duty on Plaintiff that does not exist under the FDCPA and would undermine the statutory protections Congress specifically enacted.

### 4. Fourth Affirmative Defense: Defense regarding damages

Defendant's purported affirmative defense regarding damages should be stricken for the following reasons:

a. Not a Proper Affirmative Defense: This statement is merely a denial of an element of Plaintiff's claim, not an affirmative defense. An affirmative defense assumes the allegations in the complaint are true but provides a separate reason why the defendant should not be liable.

b. Legally Insufficient Under the FDCPA: The FDCPA is a strict liability statute that provides for statutory damages regardless of whether actual damages are proven. Under 15

U.S.C. § 1692k(a)(2)(A), a plaintiff may recover statutory damages up to $1,000 per action for violations of the Act, independent of any showing of actual harm.

c. Ignores Privacy Intrusion as Actual Damage: Under Texas law and federal precedent, an intrusion upon seclusion and invasion of privacy constitute actual damages in themselves. See *Billings v. Atkinson*, 489 S.W.2d 858, 861 (Tex. 1973) (recognizing that the tort of invasion of privacy involves "a willful tort which constitutes a legal injury").

d. Contradicts FDCPA's Statutory Framework: Courts have consistently held that violations of § 1692c(c) inherently cause damages in the form of harassment, annoyance, and invasion of privacy—the very harms the statute was designed to prevent. See *Meadows v. Franklin Collection Serv., Inc.*, 414 F. App'x 230, 235 (11th Cir. 2011).

e. Redundant and Immaterial: This defense merely restates Defendant's general denial and adds nothing substantively to Defendant's answer, making it redundant and immaterial within the meaning of Rule 12(f).

Allowing this improper defense to remain would prejudice Plaintiff by potentially confusing the issues properly before the Court and misrepresenting the applicable legal standards governing FDCPA claims.

5. **Fifth Affirmative Defense: Due process limitations on statutory damages**

Defendant's affirmative defense regarding due process limitations on statutory damages should be stricken for the following reasons:

a. Legally Inapplicable: The cases cited by Defendant—State Farm and BMW—specifically address constitutional limitations on punitive damages, not statutory

damages. These cases are inapposite to FDCPA statutory damages, which are compensatory in nature and specifically authorized by Congress.

b. Mischaracterizes Plaintiff's Claims: The defense falsely presumes "an absence of actual damages" when Plaintiff has in fact alleged actual damages resulting from Defendant's violations, including privacy intrusions recognized under Texas law.

c. Contradicts Established Precedent: Courts have consistently held that the FDCPA's statutory damages provision of up to $1,000 per action is modest, fixed by Congress, and does not raise due process concerns. See *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1067 (9th Cir. 2011) (rejecting similar due process challenges to FDCPA statutory damages).

d. Congressional Authority: Congress has the authority to define statutory remedies for violations of federal law. The Supreme Court has distinguished between punitive damages awards (subject to due process limitations) and statutory damages (fixed by legislative judgment). See *Browning-Ferris Industries v. Kelco Disposal*, 492 U.S. 257, 276 (1989).

e. Factually Baseless: Given that Plaintiff has alleged actual damages, this defense is predicated on a factual premise that does not exist in this case, rendering it immaterial and impertinent.

The defense is immaterial and impertinent within the meaning of Rule 12(f) because it raises a constitutional challenge that is wholly inapplicable to the circumstances of this case.

6. **Sixth Affirmative Defense:** Limitation of damages

Defendant's affirmative defense regarding limitation of damages should be stricken for the following reasons:

a. Factually Incorrect Premise: The defense incorrectly presumes "Plaintiff has not suffered any actual damages" when Plaintiff has specifically alleged actual damages resulting from Defendant's violations, including invasion of privacy and intrusion upon seclusion. This factually incorrect premise renders the entire defense legally insufficient.

b. Mischaracterizes Plaintiff's Rights: The defense mischaracterizes the damages available to Plaintiff by ignoring that § 1692k(a)(1) explicitly provides for "any actual damage sustained by such person as a result of such failure" in addition to statutory damages under § 1692k(a)(2)(A).

c. Not a Proper Affirmative Defense: This statement is not truly an affirmative defense but rather an improper attempt to limit damages by making factual assertions that directly contradict Plaintiff's allegations. This is more properly addressed through the normal litigation process, not as an affirmative defense.

d. Legally Redundant: To the extent the defense merely states the damages cap under the FDCPA, it is redundant as this statutory limitation is already applicable without being pleaded as an affirmative defense.

The defense is redundant, immaterial, and impertinent within the meaning of Rule 12(f) because it attempts to refute factual allegations through the improper vehicle of an affirmative defense and inaccurately characterizes the law regarding available damages.

## V. CONCLUSION

For the reasons outlined above, I respectfully request that the Court strike Defendant's Affirmative Defenses in their entirety. Defendant's unsupported, immaterial, and legally

8

insufficient defenses should not be allowed to derail or delay this case. Defendant's conduct violated the FDCPA, and these defenses do nothing more than obscure the reality of their wrongdoing.

Respectfully Submitted,

March 26, 2025

Mohammed Mejbel, Plaintiff pro se
726 Liard River Rd
Hutto, Texas 78634
Momejbel97@yahoo.com

# CERTIFICATE OF SERVICE

I certify that a true copy of the preceding was served via email to:

Francesca A. Di Troia (attorney-in-charge)
fditroia@bn-lawyers.com
BARRON & NEWBURGER, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
Tel: (512) 476-9103
ATTORNEY FOR DEFENDANT

Date: March 26, 2025

Respectfully Submitted,

*Mohammed Mejbel*
Mohammed Mejbel, Plaintiff pro se
726 Liard River Rd
Hutto, Texas 78634
Momejbel97@yahoo.com